UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| GLEN STANLEY JENKINS | CIVIL ACTION NO.: 13-4442 |
|---|---|
| | SECTION: "H" |
| VERSUS | MAGISTRATE: 02 |
| ST. TAMMANY PARISH PRISON, ET AL. | JURY DEMAND |

## ANSWER TO COMPLAINT

**NOW INTO COURT**, through undersigned counsel, come Rodney J. "Jack" Strain, Jr., in his capacity as Sheriff of St. Tammany Parish, Warden Gregory Longino, and "St. Tammany Parish Prison" (a non-existent legal entity), all sought to be made defendants herein and who for answer to plaintiff's original Complaint (Rec. doc. 1), filed on June 5, 2013, respectfully represent:

### FIRST DEFENSE

This Honorable Court lacks jurisdiction over the subject matter of this case.

### SECOND DEFENSE

The plaintiff's complaint fails to state a claim upon which relief can be granted.

### THIRD DEFENSE

At all times relevant herein, the answering defendants, as well as any and all individuals for whose behavior they are or may be legally responsible, acted in a reasonable and proper manner, and they fully complied with any and all legal duties and standards of care imposed by law and applicable to them.

**FOURTH DEFENSE**

The actions, if any, of the answering defendants were within their legal authority as law enforcement officers and were taken in good faith, without malice, with reasonable cause with a sincere belief that said actions were legal and under laws believed to be constitutional in nature, and without any intention whatsoever to harm plaintiff.

**FIFTH DEFENSE**

The answering defendants specifically aver that, at all times herein, their conduct and actions were reasonable, justified, and legally permissible under the circumstances.

**SIXTH DEFENSE**

The allegations of plaintiff, even if proven, do not adequately disclose the deprivation of a protected federal constitutional right.

**SEVENTH DEFENSE**

Defendants aver that plaintiff's damages, if any, were caused or contributed to by the fault of a person or persons over whom the defendants exercised no authority, jurisdiction, or control, and for whose actions and/or conduct the defendants are not legally responsible.

**EIGHTH DEFENSE**

Defendants specifically deny both the extent and measure of damages alleged by the plaintiff in this proceeding, and they specifically deny that they are in any manner legally liable for any of that amount.

**NINTH DEFENSE**

To the extent the instant Complaint may be construed to set out a cause of action in negligence, the plaintiff by virtue of his own actions and conduct was guilty of negligence

and/or contributory negligence and/or intentional misconduct or assumption of the risk, all of which will be more fully shown at the trial of this matter.

### TENTH DEFENSE

The plaintiff has failed to mitigate any damages that he may have suffered, despite a legal duty to do so.

### ELEVENTH DEFENSE

Defendants also specifically deny that they could be liable to the plaintiff in any way other than in their official capacity as Sheriff of St. Tammany Parish or as a deputy of the St. Tammany Parish Sheriff's Office, as the case may be, as opposed to their status as private individuals.

### TWELVTH DEFENSE

Defendants specifically plead the affirmative defense of qualified immunity and show that they are entitled to and protected by the qualified immunity afforded to public officials for acts committed during the course and scope of their official duties.

### THIRTEENTH DEFENSE

Defendants are also entitled to and hereby invokes all relevant and applicable provisions of the Louisiana Governmental Claims Act (LSA-R.S. 13:5101 *et seq.*), specifically including the limitation of liability contained therein, as well as any and all other statutory or jurisprudential limitation of liability, costs, and interest available to him under the law.

### FOURTEENTH DEFENSE

Defendants also specifically are entitled to and hereby invoke all relevant and applicable provisions of LSA-R.S. 9:2798.1 and the limitation of liability contained therein.

**FIFTEENTH DEFENSE**

Plaintiff failed to exhaust all administrative remedies available to him pursuant to 42 U.S.C. § 1997 e(a) prior to filing this lawsuit.

**SIXTEENTH DEFENSE**

As to plaintiff's assertion of a claim against "St. Tammany Parish Prison, the defendants aver that the entity "St. Tammany Parish Prison" is not a legal entity with the capacity to be sued, and so the instant suit is deficient and should be dismissed as to that entity.

**SEVENTEENTH DEFENSE**

**AND NOW FOR ANSWER** to the specific allegations of plaintiff's original Complaint (Rec. doc. 1), the answering defendants do show:

1.

The allegations of Article I of plaintiff's complaint do not require an answer from the answering defendants, but insofar as an answer may be required, the allegations are denied for lack of sufficient information to justify a belief thereof.

2.

The allegations of Article II of plaintiff's complaint are denied for lack of sufficient information to justify a belief thereof except to admit that there is in fact an administrative grievance procedure in place at the St. Tammany Parish Jail.

3.

The allegations of Article III of plaintiff's complaint regarding the plaintiff himself are denied for lack of sufficient information to justify a belief thereof, except that the allegations of this Article regarding the status of the answering defendants are admitted.

4.

The allegations of Article IV of plaintiff's complaint are denied as written and it is specifically denied that neither the answering defendants nor anyone for whom they are or may be legal responsible committed any act or inaction regarding the plaintiff for which there is any manner or degree of civil liability.  All other allegations of Article IV of plaintiff's complaint are denied for lack of sufficient information to justify belief thereof.

5.

The allegations of Article V of plaintiff's complaint are denied as written and/or for lack of sufficient information to justify belief thereof, and it is specifically denied that plaintiff is entitled to damages of any nature from any of the answering defendants.

6.

The allegations of Article VI of plaintiff's complaint do not require an answer from the answering defendants, but insofar as an answer may be required, the allegations are denied for lack of sufficient information to justify a belief thereof.

**AND NOW FURTHER RESPONDING** to plaintiff's complaints:

8.

The answering defendants aver that the actions alleged by the plaintiff, to extent they are determined to be true and correct, were performed pursuant to clear and reasonable pre-existing policies established by Sheriff Strain and the supervisory personnel of the St. Tammany Parish Jail, that said policies bore a rational relationship to legitimate law-enforcement and/or penal interests, and that they in no manner caused or contributed to any violation of the plaintiff's constitutional rights.

9.

Finally, the answering defendants request a trial by jury herein as to all matter properly tried thereby.

**WHEREFORE**, defendants, Rodney J. "Jack" Strain, Jr., in his capacity as Sheriff of St. Tammany Parish, Warden Gregory Longino, and "St. Tammany Parish Prison" (a non-existent legal entity) collectively pray that after all due proceedings have been had, that there be judgment rendered herein in favor of defendants dismissing plaintiff's case at plaintiff's costs.  Defendants further pray that plaintiff's case be declared frivolous and pray for all general and equitable relief to which defendants may be entitled to under law and equity.

Respectfully submitted:

**TALLEY, ANTHONY, HUGHES & KNIGHT, L.L.C.**

BY:   /s/ Gary L. Hanes
    CHARLES M. HUGHES, JR. (#14382)
    GARY L. HANES (#14341)
2250 7th Street
Mandeville, Louisiana 70471
Telephone: (985) 624-5010
Facsimile: (985) 624-5306
Email: gary.hanes@talleyanthony.com

Attorneys for Defendants
Rodney J. "Jack" Strain, Jr., in his capacity as Sheriff of St. Tammany Parish, Warden Gregory Longino, and "St. Tammany Parish Prison" (a non-existent legal entity)

**CERTIFICATE OF SERVICE**

      I hereby certify that on August 16, 2013, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system.  I further certify that I mailed the foregoing document and the notice of electronic filing by first class USPS mail to the following non-CM/ECF participant:  Glen Stanley Jenkins (#548082), STPSO Work Release Program, 141 Production Drive, Slidell, LA, 70460.

                                                                       /s/ Gary L. Hanes
                                                                         GARY L. HANES